## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEMOCRACY FORWARD<br>  FOUNDATION,<br>1333 H Street, NW, 11th Floor<br>Washington, D.C. 20005,<br><br>        *Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF<br>  AGRICULTURE,<br>1280 Maryland Avenue, SW<br>Washington, D.C. 20250,<br><br>        *Defendant*. | Case No. |

## COMPLAINT

1.   Plaintiff Democracy Forward Foundation ("Democracy Forward") brings this action pursuant to the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), against Defendant U.S. Department of Agriculture ("USDA") to compel compliance with FOIA and the production of responsive documents.

### JURISDICTION AND VENUE

2.   This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

3.   Venue is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e)(1).

4.   Because Defendant has failed to comply with the applicable time limit provisions in FOIA, Plaintiff is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

## PARTIES

5.  Plaintiff Democracy Forward Foundation is a not-for-profit organization incorporated under the laws of the District of Columbia and based in Washington, D.C. Plaintiff works to promote transparency and accountability in government, in part, by educating the public on government actions and policies.

6.  Defendant USDA is a federal agency within the meaning of FOIA, *see* 5 U.S.C. § 552(f)(1), and is headquartered in Washington, D.C. USDA has possession, custody, and control of records to which Plaintiff seeks access.

## FACTUAL ALLEGATIONS

7.  On January 18, 2019, Democracy Forward submitted a FOIA request to Defendant.

8.  Democracy Forward's FOIA request sought the following records for the time period of January 20, 2017 to the date the search is conducted:

   1. All communications in the Office of the Secretary, the Food and Nutrition Service ("FNS"), Office of Communications, Office of General Counsel, Office of Congressional Relations, Office of Chief Scientist, and the Office of Advocacy and Outreach referring or relating to Secretary Sonny Perdue's May 2017 visit to Catoctin Elementary School, in Leesburg, VA.

   2. All communications in the Office of the Secretary, FNS, Office of Communications, Office of General Counsel, Office of Congressional Relations, Office of Chief Scientist, and the Office of Advocacy and Outreach referring or relating to Secretary Perdue's issuance of the May 1, 2017 proclamation, "USDA Commitment to School Meals."

   3. All communications in the Office of the Secretary and FNS referring or relating to the development or issuance of the "School Meal Flexibilities for the School Year 20172018" memorandum, issued on May 22, 2017 and assigned the memo code SP 32-2017.

   4. All calendar invitations or entries (including attachments) for any meeting related to the promulgation of the interim final rule, Child Nutrition Programs: Flexibilities for Milk, Whole Grains, and Sodium Requirements, 32 Fed. Reg 56703 (November 30, 2017) ("Interim Final Rule"). We also request all records

prepared for these meetings, including background or presentation materials.

5. All communications between the Office of the Secretary, FNS, and individuals affiliated with the following organizations, discussing nutritional requirements, or changes to sodium and whole grain requirements in USDA's Child Nutrition Programs:

    a. School Nutrition Association (schoolnutrition.org)
    b. Schwan's Food Service (schwansfoodservice.com)
    c. Conagra Brands (conagrabrands.com)
    d. American Frozen Food Institute (affi.org)
    e. Tyson Foods (tysonfoods.com)
    f. Archer Daniels Midland Company (adm.com)
    g. PepsiCo (pepsico.com)
    h. Aramark (aramark.com)
    i. Sodexo (sodexousa.com)
    j. Compass Group (compass-usa.com)
    k. Grocery Manufacturers Association (gmaonline.org)
    l. Dean Foods (deanfoods.com)
    m. Perdue (perduefoodservice.com)
    n. Cargill (cargill.com)
    o. Snack Food Association or SNAC International (snacintl.org)
    p. American Pizza Community (americanpizzacommunity.com)
    q. Pilgrim's Pride (pilgrims.com)
    r. Kellogg's (kelloggs.com)
    s. General Mills (generalmills.com)
    t. Uncle Ben's (unclebens.com)
    u. Mars, Inc. (mars.com)
    v. American Commodity Distribution Association (commodityfoods.org)
    w. Nestle (nestle.com)
    x. Subway (subway.com)
    y. Panera (panerabread.com)
    z. Unilever (unileverusa.com)

6. All records reviewed or considered by officials in USDA in drafting the Interim Final Rule.

7. All records reviewed or considered by officials in USDA in drafting Child Nutrition Programs: Flexibilities for Milk, Whole Grain, and Sodium Requirements, 83 Fed. Red. 63775 (Dec. 12, 2018) ("Final Rule").

8. All communications referring or relating to the Final Rule between USDA and any official, employee or contractor within the White House, including within the Office of Management and Budget or the Office of Information and Regulatory Affairs.

9. All communications in the Office of the Secretary and FNS discussing food waste

      in American public schools.

10. All communications in the Office of the Secretary and FNS concerning declining participation in the National School Lunch Program or School Breakfast Program, as that participation is discussed in the Interim Final Rule or the Final Rule.

11. All communications in FNS referring or relating to the 4,000 school food authorities that applied for exemptions in SY 2017-2018, including the USDA informal State reported data cited in footnote 11 on page 63786 of the Final Rule.

12. All communications in the Office of the Secretary and FNS concerning the (a) 2020 Dietary Guidelines or (b) Dietary Reference Intakes (DRI) report, as each relates to the May 1, 2017 proclamation, the November 2017 Interim Final Rule, or the December 2018 Final Rule.

9. The FOIA request further sought a waiver of all fees associated with the request.

10. On January 30, 2019, Plaintiff received an acknowledgement letter from the USDA regarding its FOIA request, noting the request was routed to FOIA Officers for FNS.

11. As of the date of this Complaint, despite initial conversations with FNS about how to narrow and prioritize the request, USDA made only a single production of documents.

             \*       \*       \*

12. As of the date of this Complaint, Defendant USDA has failed to notify Plaintiff whether it will comply with the FOIA request in full, *see* 5 U.S.C. § 552(a)(6)(A)(i), whether it will produce all requested records, or whether it will demonstrate that it is lawfully exempt from production, *see id* § 552(a)(6)(C). Nor has Defendant notified Plaintiff of the scope of any responsive records Defendant intends to produce or withhold, and the reasons for any withholdings, or informed Plaintiff that it may appeal any adequately specific, adverse determination.

13. Because USDA has "fail[ed] to comply with the applicable time limit provisions" of the FOIA, even with the benefit of any extensions of time the agency might have claimed, Plaintiff is "deemed to have exhausted [its] administrative remedies." *Id.* § 552(a)(6)(C)(i).

## CLAIM FOR RELIEF

14. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth herein.

15. By failing to respond to Plaintiff's request within the statutorily prescribed time limit, Defendant has violated its duties under 5 U.S.C. § 552, including but not limited to the duties to conduct a reasonable search for responsive records, to take reasonable steps to release all non-exempt information, and to not withhold responsive records.

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Order Defendant to conduct a search for any and all responsive records to Plaintiff's FOIA request using search methods reasonably likely to lead to discovery of all responsive records;

2. Order Defendant to produce, by a date certain, any and all non-exempt responsive records and a *Vaughn* index of any responsive records withheld under a claim of exemption;

3. Enjoin Defendant from continuing to withhold any and all non-exempt responsive records;

4. Order Defendant to grant in full Plaintiff's request for a fee waiver;

5. Award Plaintiff its costs, attorneys' fees, and other disbursements for this action; and

6. Grant any other relief this Court deems appropriate.

Dated: May 20, 2019

Respectfully submitted,

/s/ *Karianne M. Jones*
Karianne M. Jones (D.C. Bar No. 187783)
Javier M. Guzman (D.C. Bar No. 462679)
Democracy Forward Foundation
P.O. Box 34553
Washington, D.C. 20043
(202) 448-9090
kjones@democracyforward.org
jguzman@democracyforward.org

*Attorneys for Plaintiff*